Case 04-12777   Filed 11/16/06   Doc 417

6 PAGES
PATRICK KAVANAGH
BAR NO 99829
LAW OFFICES OF PATRICK KAVANAGH
1331 "L" Street
Bakersfield, CA 93301
(661) 322-5553
Trustee/Attorney for Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In the Matter of | Case No. 04-12777-B-7K |
|---|---|
| PARK, ARTHUR MYUNGHOON, | DC-PK-19<br>Chapter 7 |
| Debtor. | FINDINGS OF FACT AND CONCLUSIONS OF LAW |

The Court makes the following Findings of Fact and Conclusions of Law.

1. This is a Motion to Compromise a disputed and unliquidated claim with against the estate.

2. Theresa Martin, (hereinafter, "Ms Martin"), filed Claim No 3 for $1,000,000.00, (one million dollars) (hereinafter, the "Claim"), with the Bankruptcy Court in this case.

3. This Claim was based on the alleged malpractice of the debtor, Arthur M. Park, (hereinafter, "Debtor").

4. The trustee, Patrick Kavanagh, (hereinafter, "Trustee"), represented to the Court that administration of the case was largely complete and the Claim was not liquidated.

- 1 -

RECEIVED
November 06, 2006
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000603422

417

5. The Court finds, as a matter of law, that this case cannot be closed without liquidating, estimating or compromising the Claim at a specific dollar amount. There are only three ways to fix a claim that is not liquidated, or is disputed. This can be done by liquidating through litigation, estimating or compromising the claim. The Bankruptcy Court does not have authority to estimate personal injury claims in a Chapter 7 case.

6. The Trustee filed a Motion to Compromise so that he could fix the Claim against the bankruptcy estate *in the amount of one hundred thousand dollars ($100,000.00)*.

7. The appropriate standard for approval of a compromise is the four part test as set forth in the case of *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986). The four parts of the *A&C Properties* test are:

> "(a) The probability of success in the litigation;
> (b) The difficulties, if any, to be encountered in the matter of collection;
> (c) The complexity of the litigation involved and the expense, inconvenience and delay attending to it,
> (d) The paramount interest of the creditors and a proper deference to reasonable views in the premises."

<u>Probability of Success</u>

8. The Court finds that Ms. Martin sustained injuries. The Court finds it more probable than not, that if an appropriate hearing was held on the claim, some of the injuries would be sufficient to establish a claim against some or all of the defendants in the state court action.

9. The Court expressly does not find:
(a) The amount of damages, *if any*, caused by the injuries, and
(b) How these damages should be allocated *between the defendants* in a state court setting; and, further
(c) Any findings entered in this case are limited to application in the bankruptcy case and none other and nothing herein constitutes an adjudication that Ms. Martin has been injured at all by the Debtor's or the on-call physician, Phillip Melendez, M.D.'s actions or

-2-

inactions or that she has suffered any actual damages by the Debtor's or the on-call physician, Phillip Melendez, M.D.'s actions or inactions

<u>The Difficulty, if any, in Collection</u>

10. The Court finds that, given the funds are in the possession of the Trustee, the second part of the *A & C Properties* test is not relevant to the herein motion.

<u>Complexity of the Litigation</u>

11. The Court ~~takes judicial notice~~ *is persuaded based on the entire record of this case* that the litigation of the Claim or the state court matter would be a contentious lawsuit. *wmc*

12. The litigation would be complex, lengthy and costly.

13. The litigation would cause the closing of this Chapter 7 case to be delayed *indefinitely*. *wmc*

<u>Interest of Creditors</u>

14. The litigation that is required to liquidate this Claim would cause a delay in the submission of the Trustee's final report. A delay in the submission of the Trustee's final report delays the ultimate distribution to creditors. The Trustee has a duty under §704(a)(1) to "close such estate as expeditiously as is compatible with the best interest of the parties in interest". *Ms. Martin has the right to amend her claim to a higher amount if so awarded in the pending state litigation.* *wmc*

15. The Court finds that this compromise is in the best interest of the creditors.

16. Determination of the amount of a claim against the estate is a core matter. The Court's order, and therefore its findings, is limited to the Claim against the bankruptcy estate only. Any other ramification of this compromise is beyond the scope of the matter before this Court, no such findings are made and this order shall have no binding effect of any type in the state court proceeding brought by Ms. Martin against the Debtor, or the on-call physician, Phillip Melendez, M.D. and others.

17. The Court reviewed the evidentiary objections filed by the Debtor to each declaration submitted in support of the motion, and overrules those objections on the grounds

that the factual allegations in the declarations are not made for the truth of the matter asserted, but as support for the Trustee's opinion as to the *difficulty of the litigation and the* appropriateness of the compromise and for seeking approval of the compromise. In the alternative, the evidentiary objections are overruled on the grounds that these declarations constitute an offer of proof which the Court finds is proper in the context of this motion.

18. The Court finds that the Court has not been called upon to make any final determination, or to make any factual findings, or to make any conclusions of law with respect to the matter pending in state court.

19. The Court finds that it has not made any ultimate finding or conclusion as to the ultimate success of Ms. Martin in the state court, but, that the compromise between the bankruptcy estate by the Trustee, and Ms. Martin is fair and equitable and shall be approved.

/ / /

/ / /

/ / /

/ / /

20. The Court expressly finds that it is not making any determination, factual findings, or conclusions of law with respect to allocation of fault, or application of the funds of the herein compromise after payment by the estate.

DATED: 11-16-06

_____
W. RICHARD LEE
U.S. BANKRUPTCY COURT JUDGE

Submitted by:

LAW OFFICES OF PATRICK KAVANAGH

By _____
PATRICK KAVANAGH
Trustee

APPROVED AS TO FORM:

DATED:_____

_____
Stephen Wainer, Counsel for Theresa Martin

DATED_____

_____
KRONICK, MOSKOVITZ, THEIDMAN AND GIRARD

By:_____
Robert H. Brumfield, III., Counsel for Debtor

DATED: 11/1/06

CASSEL MALM FAGUNDES

By: _____
Pamela R. Peters, Counsel for Phillip Melendez

Docman/pk-findings of fact version 2

-5-

20. The Court expressly finds that it is not making any determination, factual findings, or conclusions of law with respect to allocation of fault, or application of the funds of the herein compromise after payment by the estate.

DATED: _____

W. RICHARD LEE
U.S. BANKRUPTCY COURT JUDGE

Submitted by:

LAW OFFICES OF PATRICK KAVANAGH

By _____
　PATRICK KAVANAGH
　Trustee

APPROVED AS TO FORM:

DATED: 11/2/06

*Stephen P. W[signature]*
Stephen Wainer, Counsel for Theresa Martin

DATED_____

KRONICK, MOSKOVITZ, THEIDMAN AND GIRARD

By:_____
Robert H. Brumfield, III., Counsel for Debtor

DATED:_____

CASSEL MALM FAGUNDES

By:_____
Pamela R. Peters, Counsel for Phillip Melendez

Docman/pk-19:findings of fact version 2

-5-